# DECISIONS

IN

# CASES NOT REPORTED IN FULL.

Byron S. Cotes, Appellant, v. Maria T. Cotes, Respondent.—Judgment affirmed, with costs. — Appeal from judgment entered after trial at Special Term.—The plaintiff, who was formerly the husband of the defendant, but now divorced, alleges in his complaint that there is due him from the defendant, *first*, $7,800, a balance on account of a conveyance of real estate, by him to her ; and *second*, the sum of $18,977.50, being half the proceeds of a mortgage once held by him, which he deposited in bank in her name, upon her promise that it should remain his money and that she would at any time he requested pay the same over to him. The answer denies the material allegations of the complaint and alleges a different state of facts. The only important witnesses were the plaintiff and the defendant. Their testimony agrees as to the source from which the property was derived, but is in direct conflict upon almost every other material fact. It appears that, in 1886, David H. Knapp, the defendant's father, conveyed to the plaintiff seven lots on One Hundred and Fourth street. The plaintiff says it was an unreserved gift, without any reason being given for making it by Mr. Knapp or anybody else. The defendant says it was by way of making provision for her, and in the presence of herself and the plaintiff her father said, instead of putting it in his will, he would deed these lots, as her share of his estate, to her husband, who was conducting a florist's business upon them, so that they might have the benefit of them. In 1888, five of the seven lots were sold, the defendant joining with the plaintiff in the deed, for $42,500. The grantees paid $5,000 in cash, and gave a purchase-money mortgage for $37,500, the balance, to the plaintiff. On the same day that the mortgage was executed, the plaintiff made a written assignment, which was duly recorded, of one-half of the sum due under the mortgage to his wife, which assignment contained the following clause : "And I do hereby declare and agree with said M. Theresa Cotes to hold, that I do hold and shall hold the said bond and mortgage for and in our joint account to the extent of one-half interest therein for each of us, and that to the extent of such one-half interest the said M. Theresa Cotes, my wife, is interested and has title thereto." The plaintiff says that when the property was sold the defendant at first wanted half the money ; that he demurred, and at last she consented and said, "Of course, the money is yours and you can have it at any time that you need it in your business ; and that it would please me to have it deposited in the bank in my name until such time as you need it." As to the $5,000 paid in cash, the plaintiff says he received and kept the whole of it. The assignment he explains was given by him to be used by the defendant only in case anything happened to him. The defendant contradicts these statements and says that in 1888, when the plaintiff told her he wanted to make this sale, she consulted with her father, and afterwards told her husband that the property was hers, and if it was sold she wanted half the money or she would not sign the deed. She states that she was willing he should have half of it to use in his business. With respect to the mortgage she says she wanted it in two mortgages, half to her and the other half to the plaintiff ; that the plaintiff said he would see that she got her rights, that she should have one-half of it, and relying on that promise she signed the deed ; that when he brought home the mortgage he told her "I had one mortgage made out, but I assigned half of it to you; you ought to be satisfied;" and he showed her the assignment, and she made him give her the bond and he kept the mortgage. The mortgage was satisfied February 1, 1889, the defendant receiving a check for one-half, and the plaintiff a check for the other half. The plaintiff accompanied the defendant to a trust company where she deposited her check in her own name ; and it is that money which is the basis of the plaintiff's second cause of action. The plaintiff says he first asked her for it in October, 1890. The defendant says she never heard he claimed it until this action was brought. The remainder of the property deeded by Knapp to the plaintiff, having thirty feet frontage on One Hundred and Fourth street, the plaintiff conveyed to the defendant in October, 1890, the consideration expressed being one dollar. This is the basis of the plaintiff's first cause of action. He says that the title was without defect, and that the defendant agreed to pay him at the rate of $8,500 for twenty-five feet. The defendant's version is that in a conversation about this piece of land the plaintiff told her he could not sell it as the title was defective, and the best thing he could do was to give it back to her, which he accordingly did ; that the plaintiff, being greatly in debt, asked her for money, and she gave him various sums which she specifies, and paid many of his debts, in all amounting to upwards of $10,000, but that these expenditures by her were not in whole or in part payment for the land, the defendant having given her the deed of it because he said he could do nothing else with it. Upon these facts the court below gave judgment dismissing the complaint, from which the plaintiff appeals.—

O'Brien, J.: To prove the issues made by the pleadings, the burden was upon the plaintiff, and from the summary of the testimony it will be seen that there was no such preponderance of evidence as would justify our disturbing the findings of the trial court, which were adverse to the plaintiff. Not only did the court have the witnesses before it, and from their demeanor upon the stand and manner of testifying could determine their relative credibility, but, considering the fact that the property belonged originally to the defendant's father, the inference arising · therefrom supports the defendant's conten-

tion that the gift to the plaintiff, her husband, though absolute in form, was not intended exclusively for his benefit, but that she was to derive equal advantage from it. To this must be added the conduct of the parties in dealing with the property and the mortgage that was taken back upon the sale to third parties, which, so far as it tends to corroborate either, supports the version of the transaction as given by the defendant. Upon the clear cut questions of fact which arose upon the testimony of the plaintiff and the defendant, it cannot be concluded that the trial court erred in holding in effect that the *plaintiff did not sustain the burden of proof*, and that there was not sufficient evidence to sustain the finding in favor of the defendant. There are several exceptions presented, the principal ones of which relate to rulings upon evidence growing out of the right accorded to the defendant of testifying to conversations and communications with her father, the plaintiff being present, as to the object and purpose for which the original conveyance of the property was made to the plaintiff. Such evidence, it is claimed, was in violation of section 829 of the Code of Civil Procedure. Apart from its appearing that such testimony was as to conversations with the defendant's father while the plaintiff was present, the right to introduce it was given to the defendant by reason of the fact that the plaintiff himself opened the door for the introduction of similar evidence as to the person from whom and the manner in which he had secured the property out of which this controversey has arisen. As we can find no valid ground for disturbing the decision made below, the judgment entered thereon should be affirmed, with costs. Van Brunt P. J., Rumsey and Patterson, JJ., concurred. INGRAHAM, J.: I concur in the affirmance of this judgment. The action was not to recover the possession of property conveyed by the defendant's father to the plaintiff, but to recover from the defendant a portion of the proceeds of certain property which, under an arrangement between the plaintiff and the defendant, had been paid to the defendant when the property was sold. It is conceded that the legal title to the property had vested in the plaintiff by the conveyance from the defendant's father. The question as to the right of the plaintiff to recover from the defendant the portion of the proceeds of the sale of the property which he had given to her at the time of the sale must be determined by the circumstances existing when the property was sold and the money paid to defendant. Neither the plaintiff nor the defendant, therefore, derived his or her title to or interest in this money through a deceased person. There is, however, another reason why the objection to the defendant's evidence of the declaration of her father was not well taken because it appears that the witness was only asked to say what took place between the plaintiff and the defendant's father after the plaintiff came into the room. In answer to that, the defendant testified merely to what the father said to the plaintiff. The question objected to was as to what took place in the plaintiff's presence; and that question was not objectionable unless it involved a personal transaction with the defendant. If there was any testimony which afterwards came in and which would come within the condemnation of the section of the Code cited, the plaintiff should have called attention to it, and either specifically objected to it or moved to have it stricken out. The story as told by the defendant was much more probable than that told by the plaintiff. The burden of proof was upon the plaintiff to establish his right to this money by a preponderance of evidence; and the court below having decided in favor of the defendant, *we would certainly* not be justified in disturbing the decision. The judgment is affirmed, with costs.